GORMAN, J.
The defendant in error, Frank J. Rntterer, sought to recover damages for a breach of contract entered into between himself and the plaintiff in error as trustee. A verdict was rendered in his favor, and the defendant below, plaintiff in error here, prosecutes error to reverse the judgment.
The action grew out of an agreement between the parties hereto, made January 21, 1911, which in substance recited that Rutterer was indebted to the Standard Hay & Grain Co. and the Winifrede Coal Co. in the aggregate sum of about $12,000 and that he was unable to pay said indebtedness; and in consideration of the forbearance of the creditors to bring suit to collect their claims he transferred all of his property to Frank B. Stewart, as trustee, for the purposes set out in the agreement, whieh were to continue and manage the business in which Rutterer was engaged, the feed and coal business, and to see if the debts of said business could be paid from the proceeds. Stewart was in the exclusive power to manage the business in such manner as he might see fit. It was further provided that in ease it developed that the business was being continued at a loss, the trustee was authorized to sell all of the property, collect *548 the accounts, convert the assets into money, and pay Rutterer’s debts. There was also the following stipulation in the agreement :
“The party of the second part (Stewart) will employ the party of the first part (Rutterer) in connection with said business in any capacity except as common laborer, at a salary of $15 per week so long as his services are satisfactory. ’ ’
Upon the execution of the agreement S'tewart took charge of Rutterer’s business, employing Rutterer as manager, and he continued in such capacity for several months until on or about April 10, 1911, when Stewart wrote to Rutterer that he was not satisfied with his manner of conducting the business and had decided to employ one Zimmer as manager and give him full charge of the business. Mr. Rutterer was continued as a collector on the same wages until July 8, 1911, when he was discharged by Stewart.
The foregoing is a sufficient statement of the facts upon which the plaintiff bottomed his right to recover.
The sole question in the case to be determined by this court is, whether or not the trial court erred in refusing to give, certain special charges, and erred in his general charge to the jury upon the question of the construction to be given to the contract providing for the employment of Rutterer “so long as his services are satisfactory.”
The bill of exceptions is in the short narrative form and does not purport to contain all of the evidence, but there is sufficient in the bill to raise the questions of law upon which the rulings of this court are asked. Rutterer claimed that he was discharged without reason and arbitrarily, and the jury, under the charge, held with Rutterer.
In substance the following charge, in two or three different forms, was asked by the defendant to be given to the jury before argument:
“By the contract between them, the defendant agreed to employ the plaintiff only so long as his services were satisfactory to defendant, and if the defendant was not satisfied with such services in good faith, after a fair trial, then your verdict should be for the defendant.”
*549 The court refused to give this charge, to which refusal counsel for defendant excepted.
The court in its general charge to the jury used the following language:
‘ ‘ The question, therefore, to be determined is, what is meant by the phrase in the contract ‘so long as his services are satisfactory.’ The law in-that matter is this: a person who enters into a contract of employment, which is to continue as long as it is satisfactory, can hold his position only so long as the party to whose satisfaction he is to work is satisfied, and that satisfaction, or rather the dissatisfaction of the party for whom he is to work, and in this case for Stewart, must be dissatisfaction which would warrant Stewart in terminating the contract. This dissatisfaction can not depend upon a whim or a mere caprice, or be arbitrary on the part of Stewart, but it must depend upon such facts as would warrant a reasonable person in the same position that Stewart was, under the same conditions and cir cumstances, in coming to the conclusion that the services of Rutterer were not satisfactory.
“Now that, gentlemen, is the test; would a reasonable person placed in the same position that Stewart was placed have come to the conclusion that Rutterer’s conduct, the work he was doing and the manner in which he was doing it, and all the surrounding circumstances of his employment, would such a person have come to the conclusion that his work was not satisfactory? If a reasonable person situated as Stewart was situated would have come to that conclusion, then Stewart was justified in discharging Rutterer. If a reasonable person would not have come to that conclusion upon all the facts that have been produced in evidence here before you, then he would not have been justified, and the plaintiff would be entitled to a verdict.”
Counsel for the defendant took a general exception to the charge of the court.
In refusing to give the special charge above set out, we think the court erred.
We are also of the opinion that the court erred in the language employed in the general charge wherein the court said:
“This dissatisfaction can not depend upon a whim or a *550 mere caprice, or be arbitrary on the part of Stewart, but it must depend upon such facts as would warrant a reasonable person in the same position that Stewart was, under the same condition and circumstances, in coming to the conclusion that the services of Rutterer were not satisfactory.”
And again:
“Now that, gentlemen, is the test: would a reasonable person placed in the same position that Stewart was placed have come to the conclusion that Rutterer’s conduct, the work he was doing and the manner in which he was doing it, and all the surrounding circumstances of his employment, would such a person have come to the conclusion that his work was not satisfactory ? If a reasonable person situated as Stewart was situated would have come to that conclusion, then Stewart was justified in discharging Rutterer. If a reasonable person would not have come to that conclusion upon all the facts that have been produced in evidence here before you, then he would not have been justified, and the plaintiff would be entitled to a verdict.”
It appears from this that the trial court read into the contract a rule of reason. And the trial court justifies the language employed in this general charge and the refusal to give the special charge, as shown in Rutterer v. Stewart, (17 N. S. 173), upon the authority of two cases, Highland Buggy Co. v. Parker, 27 O. C. C. 115 (5 N. S. 383), and Lake Shore W. Ry. v. Tierney, 29 O. C. C. 83 (8 N. S. 521), affirmed, no op., 75 Ohio St. 565.
The case of Highland Buggy Co. v. Parker, decided by the predecessor of this court, was an action to recover damages for the wrongful discharge of an agent of the company. In deciding the case the court, on page 385, uses this language, with reference to the contract of Parker:
“The dissatisfaction which would warrant the company in treminating the contract could not depend upon mere whim or caprice, but upon such facts as would warrant a reasonable person in the conclusion that the services of the salesman were not promoting, either directly or indirectly, the interests of his employer, provided always that the. latter acted in good faith and performed his paid of the contract.”
*551 The contract under consideration, in that case contained a provision among other things, that Parker would give his entire time and attention to selling vehicles of the Highland Buggy Company at prices furnished him. from time to time, and would promote the interests of the Highland Buggy Company, all to its satisfaction.
The case of Lake Shore & W. Ry. v. Tierney, supra, was a case in which ‘William Tierney had been an employe of the railway company, had received injuries and brought suit to recover for same. "While that "case was pending he entered into a compromise agreement in writing with the railway company whereby the railroad company, among other things, agreed to employ Tierney in consideration for Tierney’s dismissing his action, and that said company was to employ him so long as his services were satisfactory. The company discharged him, and he brought an action to recover damages for the wrongful discharge. The circuit court of Allen county, passing upon the case was called upon to determine the correctness of a charge asked to be given to the jury on behalf of the company and held' as follows:
“The court was asked to charge the jury that the company was to be the sole judge of the services rendered, and, if in good faith -it decided that his services were unsatisfactory it had the right to discharge the plaintiff at any time. ’ ’
The court said:
“This does net fairly state the case. The defendant may have been dissatisfied and may have thought that it had reason for dissatisfaction, and may have acted in good faith and so discharged plaintiff, and yet it may have been requiring unreasonable things; it may have been misinformed as to his conduct and so may have beeome dissatisfied without good cause, yet in perfect good faith. This contract should not be construed from one side alone, and the court properly refused to do so in this respect. Each party had his rights and obligations. The obligations, as well as rights of each must be considered. The charge as requested did not in our judgment meet this test.”
The trial court in ease at bar also relied upon the statement contained in the decision of the Supremo Court in Ashley *552 v.Henahan, 56 Ohio St. 559, 570 [47 N. E. 573], where this language was employed:
“He (plaintiff) might, however, as suggested above, on an averment supported by evidence that the architect had fraudulently' or unreasonably' refused his certificate, recover by showing a substantial performance of the work as required by the contract.” '* # *
There are other cases in this state which hold directly opposite" to the rule laid down in the two circuit court decisions above cited.
In the case of Crigler v. Blair, 2 Circ. Dec. 573 (4 R. 324), the circuit court, the predecessor of this court, speaking through Cox, Swing and Smith, held that where there was to be an exchange of property provided, “a satisfactory title and abstract be furnished,” the person to whom such title and abstract was to be furnished was the sole judge of the satisfactory character of the same.
In the case of Karsner v. Union Central Life Ins. Co. 6 Circ. Dec. 335 (12 R. 394), where the decision was by the same court that decided the Tierney ease, it was held:
“Where the contract between an insurance company and one of its general agents for a fixed period of years provides, ‘That whenever the amount of new business done by the agent is, in the opinion of its officers, unremunerative; or, when the business of the company is not conducted in a manner satisfactory to the officers, they may cancel the contract’ * * it is for the officers alone to decide, if acting in good faith, when the condition arises for such cancellation. ’ ’
The general term of the superior court of Cincinnati in Elsas v. Meyer & Co. 21 Bull. 346 (10 Dec. Re. 518), held that the question of the reasonableness of the employer’s dissatisfaction was not involved in the case, but only the question as to whether or not he acted in good faith in the discharge.
The district court of this county, predecessor of the circuit court, in the case of Sargent v. Sibley, 11 Bull. 177 (6 Dec. Re. 1219), decided in an opinion by Avery, J., that where a contract for the sale of real estate provided that the title was to be satis *553 factory to the purchaser’s attorney, the opinion of such attorney was conclusive. The court say:
“As a general rule, where it is stipulated in a contract that what is to be done by one party shall be to the satisfaction of the other or of a third person, the decision of such other party or person is final.”
There have been a great number of eases in other jurisdictions upon this question, but the rule seems to be well laid down in Labatt, Master and Servant, 2d Ed. Sec. 198, pages 618-619:
“In one group the facts, that the performance of the contracts in question involved the gratification of the employer’s personal taste, is adverted to in terms which show more or less distinctly that this element was specifically treated as being the determinative element. But the courts did not use any language from which it can reasonably be inferred that they considered his judgment to be final only in cases where the contract is of this description.”
In Sec. 199] p. 630:
“The position taken in Ohio is that the dissatisfaction which will warrant a discharge must be a reasonable dissatisfaction, and not an arbitrary one, and that the good faith of the master in claiming the given services to be unsatisfactory will not render a discharge justifiable, if the services performed were such as ought to have been satisfactory to a reasonable employer. ’ ’ Citing Lake Erie & W. Ry. v. Tierney, 29 O. C. C. 83 (8 N. S. 521). This decision is obviously opposed to the general current of authority.”
We are of the opinion that this rule laid down in Lake Erie & W. Ry. v. Tierney, 29 O. C. C. 83 (8 N. S. 521), is clearly against the great weight of authority, and we are not disposed to follow the ruling in that case, nor the rule laid down in the Parker case, supra. We hold that where the contract provides, as did the one in the case at bar, that the work is to be done to the satisfaction of the employer, the employer has the right to discharge the employe, provided he acts in good faith, whether or not the cause for the discharge is such as would appeal to a reasonable man. If any effect is to be given to the provision *554 of the contract which requires the employer or employe to be satisfied, it would appear that the one to be satisfied is the one to determine whether or not he is satisfied, and not the court or jury. The parties having made their contract, it is not the province of the court to unmake it or to malee a different contract by construing it to read that “satisfaction” or “dissatisfaction” should mean the “satisfaction, or dissatisfaction, of a reasonable person. ’1
We think the law of. Ohio upon this question should be in harmony with the law laid down in the great majority of the state and federal courts. We might cite numerous authorities to support the conclusion at which we have-arrived, hut we-deem it unnecessary. The authorities will, all be found collected in the notes under 1 Labatt, Master & Servant, 2nd Ed., Sees. 198-199.
For the reasons given, the judgment of the court of common pleas will he reversed, and the cause remanded for a new trial.
Jones (E. H.), and Jones (O. B.), JJ., concur.